Earl *v.* Bull.

---

## EARL *et al. v.* BULL *et al.*

THE doctrine of *res judicata* applies only to matters put in issue upon the record,
and directly determined by the Court or jury. It is not sufficient that the point
in dispute was raised by the pleadings in a former action; it must have been
passed upon and determined, to make the judgment in such action a bar.

In an action for the price of goods sold and delivered, there being a warranty as to
the quality of the goods, the breach of the warranty may be relied on in defense,
by way of *recoupment,* to mitigate the amount recovered; but it is not available
as a complete defense to the action.

In such an action, complaint contained two counts; one upon a special contract for
the sale and delivery of the goods; the other upon a claim for goods sold and
delivered. Answer denied the contract, and the other allegations of the com-
plaint; but set up a contract between the parties somewhat different, containing
a guaranty as to quality, and alleging that the quality of the goods was not in
accordance with the contract, and the breach was relied on as a complete defense.
Evidence was introduced upon all the issues made by the pleadings. The
Court instructed the jury that, "if the plaintiffs, on the day the contract
matured, presented their account and offered to deliver the goods, they fulfilled
the contract on their part; and if the defendants did not, within a reasonable
time, and within the custom of the trade, make their objection to the article
sold, and offer to rescind the contract, they are bound by it, and plaintiffs should
recover." Plaintiffs had verdict and judgment for the price. *Held,* that in a
subsequent action by the defendants against plaintiffs, on the breach of the
warranty, for the difference in value between the goods delivered and those con-
tracted for, the former suit is no bar; that the matter in dispute, to wit, this
breach of warranty, was not adjudged; that the instruction of the Court took
that question from the jury, and directed them to decide the rights of the
parties upon other considerations.

APPEAL from the Twelfth District.

Action for the breach of a written contract of sale, by which, on the
tenth of October, Bull, Baker & Co. contracted to sell Earl & Co. one
hundred hogsheads of bacon, and to deliver in sixty days, or at any time
before, upon demand and payment. The contract particularly specifies

the quality to be delivered, and provides, in case of difference, for an arbitration. The complaint states that, at the expiration of the sixty days, defendants did not have bacon of the proper quality to deliver, and could not perform the contract; that thereafter, on the nineteenth December, Earl & Co. received from Bull, Baker & Co., certain one hundred hogsheads bacon, at which time, Bull, Baker & Co. executed the following memorandum.

"SAN FRANCISCO, Dec. 19, 1855.

"MESSRS. EARL & CO.

"Bo't of Bull, Baker & Co., 100 Hhds. Bacon, 80,000 lbs. 26 cts. $20,800.

"The Bacon, as per the above bill, we hereby guarantee to be of the quality as sold under contract to Messrs. Earl & Co., of October 10, 1855.                      BULL, BAKER & CO."

That the bacon was not of the quality as sold by the contract, of which defendants had notice; that there was a disagreement and arbitration, and the quality was found to be not such as was sold; that the bacon was less in value than that described in the contract by $6,400; that this difference plaintiffs demanded, and defendants refused, and plaintiffs claim the amount as damages.

The defendants answering, deny all the allegations in the complaint except the execution of the original contract, of which they aver performance, and the acceptance of the performance by plaintiffs. They also set up as a bar to this action, the judgment and proceedings in the suit of *Bull, Baker & Co.* v. *Earl & Co.*, for the price of the bacon, as is stated in the opinion.

The case was submitted to the Court, without a jury, by consent, to try the issues arising upon so much of the answer as set up this former judgment in bar. It was submitted on the pleadings and exhibits, and the statement, on motion for new trial, in the former suit of *Bull, Baker & Co* v. *Earl & Co.*; and the Court found that " the matters and things in the complaint herein set forth, were not in issue, and were not heard, considered and determined " in the former action; and that, as law, such former judgment was not a bar, and that plaintiffs were entitled to judgment.

Subsequently the cause was tried before a jury as to the other issues in the record, and a verdict rendered for plaintiffs, $1,945. Judgment accordingly.

Earl *v.* Bull.

The record in the former suit shows that Bull, Baker & Co., as plaintiffs, counted on the original contract of sale and its performance, and specially stated that they had been ready and tendered, and offered performance, at all times, and on the nineteenth of December did deliver the bacon, as by contract required and in performance thereof; that the same was of the quality contracted for, and was accepted as such.    They further counted on goods sold and delivered.

Earl & Co., defendants, answered—first, denying each and every allegation in the complaint; second, denying the execution of the contract, as set out in the complaint.  They then set out the contract of sale in terms (which is the same substantially as the one counted on).  It is then averred that plaintiffs failed to comply with the contract; that there was a disagreement, which was submitted in pursuance of the terms of the contract, and a finding that the bacon was not within those terms.  It is then stated that the defendants rely upon the failure of plaintiffs to comply with the contract, and on the award as a defense.   On the trial of this case, there was evidence as to the quality of the bacon.

*McDougall & Sharp*, for Appellants, argued that the question as to the quality of the bacon was in issue and directly adjudged in the former suit; that the contract being the subject of the action, its full performance was alleged, particularly as to the quality of the bacon, and that it was accepted by the vendees as of the quality specified in the contract; that the Court charged the jury in effect, that acceptance and acquiescence without objection, amounted to an admission of full performance, and estopped the vendee thereafter setting up a failure to perform; that thereupon, by the verdict and judgment, it was adjudged that the vendees had accepted the performance, and had been estopped; and that the Court instructed the jury only on the point of acceptance, because, the issue as to quality being before the Court and jury by the pleadings and the evidence, acceptance being found, the vendee was concluded as to quality. (*Sprague* v. *Blake*, 20 Wend. 61; 2 Harr. & Johns. 353; 3 McLean, 386; 7 Blackf. 604; *Fisher* v. *Samada*, 1 Camp. 190–3.)

That the question as to quality having been once put in issue, and a general verdict found and judgment, (evidence or no evidence) the matter is a thing adjudged.   (7 Bac. Abr. 633 ; Pleas and Pl. J. 13; 1 Greenl. secs. 522, 528 ; 3 Coke, 7; Farrer's Case ; *Ritcher* v. *Campbell*, 3 Wills, 308 ; *Guen* v. *Gouverneur & Kemble*, 1 Johns. Cases, 436, Radcliff,

J. 491, Kent, J. 502; *Brockway* v. *Kinny*, 2 Johns. 209; *Platermer* v. *Best*, 11 Johns. 530; *Ehle* v. *Bingham*, 7 Barb. 494; *Eubery* v. *O' Connor*, 3 Coms. 511.)

*Whitcomb, Pringle & Felton*, for Respondent.

The issue in the former action was as to the delivery of the bacon, not as to its quality. This is clear, from the fact that the Court, in that action, instructed the jury, in effect, that the question of quality was immaterial, if they found that there had been a delivery to defendants, and no rescission of the contract by them. The action then, was for the purchase money, and the defense was a denial of the completion of the purchase. The issue was, whether the purchase had been consummated by delivery; if so, then the question of quality was not involved, because defendants did not pretend to return the goods for defect of quality, and did not claim damages, by way of *recoupment*, for such defect. Had defendants attempted to rescind or recoup, then quality would have been in issue, and the judgment would bar this suit. A party wishing to rescind a contract, must return, or offer to return, the article, or he cannot sustain his rescission; but an action will lie on the breach of warranty, though the article be not returned, and even though notice of unsoundness be delayed. (*Pateshall* v. *Trantee*, 3 Ad. & E. 26, 103; 2 Kent's Com. 480.) The quality of the bacon could not possibly have been material in an action for the price, after it had been received, unless by way of recoupment, or in mitigation of damages, and such partial defense was not set up in the former action, for it was inconsistent with the defense relied on, to wit, non-delivery. Defendants denied, not a part, but the whole, of the price; and the Court excluded the question of quality, because the defense was entire, not partial. (See *Street* v. *Blay*, 2 B. & Ad. 462.) Defect of quality was set up in the answer, and evidence given in support of it. But how? not in mitigation, but solely in defense to the action, and hence was excluded from the consideration of the jury; and not having been heard and passed upon, could not have become *res adjudicata*.

We admit the pleadings were broad enough to cover the present issue of quality; but all the proceedings together show that such issue was not, in fact, presented to the jury.

2. The question of quality not being actually presented and adjudged in the former action, is not *res judicata*. To put a matter in issue, so as to have it grow into *res adjudicata*, it must, by the nature of the

Earl *v.* Bull.

defense, be brought before a jury and be presented to them; merely putting it in issue in the pleadings is not sufficient; and having been thus put to the jury, and been passed upon by them, it becomes *res judicata.* (*Mc Quintz* v. *Herrick,* 5 Wend. 245; *Hatch* v. *Benton,* 6 Barb. 35; 7 Johns. 22; 6 Com. 262; 4 Phillips' Ev. 164, 154. 155; 4 Pick. 228.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The defendants sold to the plaintiffs one hundred hogsheads of bacon, warranting the quality. A suit was brought for the price, and a breach of the warranty set up in defense. This is an action upon the warranty, and the only question is, whether the matter was litigated and determined in the former suit. The complaint, in that case, contained two counts; one upon a special contract for the sale and delivery of the bacon, and the other upon a claim for goods, wares and merchandise sold and delivered. The answer denied the making of the contract, and denied generally the other allegations of the complaint. It was admitted, however, that a contract, differing from that mentioned in the complaint, had been entered into between the parties, and the contract so admitted was set out in the answer, and it was alleged that the quality of the bacon was not in accordance with the terms of the contract. It was further alleged that the question in relation to quality, was submitted to arbitration, and that an award had been made in favor of the defendants—the plaintiffs in this action. The breach of the contract, and the award of the arbitrators, were relied upon as a defense. Evidence was introduced at the trial, upon all the issues presented in the pleadings. The Court instructed the jury that, " if the plaintiffs, on the day the contract matured, presented their account, and offered to deliver the goods, they fulfilled the contract on their part; and if the defendants did not, within a reasonable time, and within the custom of the trade, make their objection to the article sold, and offer to rescind the contract, they are bound by it, and the plaintiffs should recover." The jury rendered a verdict for the plaintiffs for the full amount of their demand.

It is well settled that the doctrine of *res judicata* only applies to matters put in issue upon the record, and directly determined by the Court or jury. It is not sufficient that the point in dispute was raised by the pleadings in a former action; it must have been passed upon and determined, or the judgment in such action cannot be relied upon as a bar. In the present case, we have no doubt that the breach of the warranty

28

might have been relied upon, by way of *recoupment*, to mitigate the recovery in the former suit; but we are equally clear that it was not available as a complete defense, for which purpose alone it seems to have been set up in the answer, and relied upon at the trial. It is unnecessary to determine whether the answer was sufficient to entitle the plaintiffs to *recoup* the damages resulting from the breach of the contract; we are clearly of opinion that by the instruction of the Court, the whole matter was excluded from the consideration of the jury. They were told that the rights of the parties depended upon other considerations, of which alone they were permitted to enquire. That they did not consider any question in relation to the warranty, and could not legally have done so under the instruction, we think does not admit of serious controversy.

We see no error in the record, and the judgment must therefore be affirmed.

Ordered accordingly.